**SIGNED THIS: November 02, 2005**

_____
**LARRY LESSEN
UNITED STATES BANKRUPTCY JUDGE**
_____

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In Re | ) | |
| | ) | In Bankruptcy |
| WILLIAM L. SIELSCHOTT and | ) | |
| GINA D. SIELSCHOTT, | ) | Case No. 04-75038 |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| SHELBY SHORE DRUGS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. 05-7046 |
| | ) | |
| WILLIAM L. SIELSCHOTT and | ) | |
| GINA D. SIELSCHOTT, | ) | |
| | ) | |
| Defendants. | ) | |

## O P I N I O N

The issue before the Court is whether an employer may recover as a nondischargeable debt the wages paid to a former employee who

-1-

embezzled from the employer.

    The Defendant, William Sielschott, worked for the Plaintiff, Shelby Shore Drugs, Inc., from September, 2000, to May 9, 2003. Mr. Sielschott was the pharmacist and manager of Shelby Shore's retail facility in Shelbyville, Illinois. During the course of his employment, Mr. Sielschott embezzled $179,549.91 from Shelby Shore. Criminal charges were filed against Mr. Sielschott which resulted in his guilty plea, conviction, and incarceration. In addition, Mr. Sielschott repaid to Shelby Shore the $179,549.91 which he embezzled.

    Not content with the recovery of the embezzled funds, Shelby Shore filed a civil action in Shelby County Circuit Court seeking $500,000 in punitive damages and another $313,283.54 in compensatory damages for the value of wages, health insurance, bonuses, and deferred benefits paid to Mr. Sielschott by Shelby Shore while Mr. Sielschott was embezzling from Shelby Shore. The state court litigation was stayed when Mr. Sielschott filed a petition pursuant to Chapter 7 of the Bankruptcy Code on November 12, 2004. Shelby Shore then filed a Complaint to Determine Dischargeability of Debt pursuant to 11 U.S.C. § 523(a)(2)(A) and (a)(4).

    The parties agree that Illinois law provides that employees who breach their fiduciary duties are required to forfeit all compensation received during the period of the breach. <u>Archer</u>

Daniels Midland Co. v. Whitacre, 60 F.Supp.2d 819, 824 (C.D. Ill. 1999); In re Peterson, 296 B.R. 766, 778 (Bankr. C.D. Ill. 2003). Mr. Sielschott believes that the forfeiture obligation is based on his breach of his employment contract and is, therefore, dischargeable. Shelby Shore contends that the forfeiture obligation arises from Mr. Sielschott's fraud. Mr. Sielschott has filed a Motion for Summary Judgment to address this narrow issue.

Shelby Shore's claim that the compensation paid to Mr. Sielschott during the period of his embezzlement should be determined to be nondischargeable is based on 11 U.S.C. § 523(a)(2)(A), which provides as follows:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt-
>
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by-
>
> (A) false pretenses, a false representation, or actual fraud(.)

Courts have historically required a creditor to establish the following elements by a preponderance of the evidence: (1) the debtor made a representation to the creditor; (2) the debtor's representation was false; (3) the debtor possessed *scienter*, i.e. an intent to deceive; (4) the creditor relied on the debtor's misrepresentation, resulting in a loss to the creditor, and (5) the creditor's reliance was justifiable. Field v. Mans, 516 U.S. 59, 116 S.Ct. 437 (1995). The Seventh Circuit applies an expanded

reading of "actual fraud" to include any deceit, artifice, trick, or design involving direct or active operation of the mind, used to circumvent and cheat another. McClellan v. Cantrell, 217 F.3d 890, 893 (7th Cir. 2000). In order to prove a claim based on actual fraud, the creditor must prove that: (1) a fraud occurred; (2) the debtor was guilty of intent to defraud, and (3) the fraud created the debtor that is the subject of the discharge dispute. Id. *at* 894.

The existence of fraud for nondischargeability purposes may be inferred if the totality of circumstances presents a picture of deceptive conduct by the debtor which indicates that he or she intended to deceive or cheat the creditor. In re Schmidt, 70 B.R. 634 (Bankr. N.D. Ind. 1986). A breach of a contract or a failure to perform some promised act, by itself, will not render a debt nondischargeable under § 523(a)(2)(A), although entering into a contract or promising an act with no intention of performance may support a finding of nondischargeability. In re Faulk, 69 B.R. 743, 750 (Bankr. N.D. Ind. 1986).

A disloyal employee's obligation to forfeit compensation is premised on the employee's breach of his fiduciary duty to his employer. Archer Daniels Midland Co., *supra*, 60 F.Supp.2d *at* 824. This fiduciary duty may be an express term of an employment contract or it may be imposed by law. H. Vincent Allen & Assoc., Inc. v. Weis, 63 Ill.App.3d 285, 291, 19 Ill.Dec. 893, 379 N.E.2d

-4-

765 (1978). In either case, Illinois cases discussing an employee's forfeiture of compensation for breach of fiduciary duties couch the issue in terms of the breach of the employer-employee contract. Rybak v. Provenzale, 181 Ill.App.3d 884, 130 Ill.Dec. 852, 537 N.E.2d 1321, *appeal denied*, 127 Ill.2d 641, 136 Ill.Dec. 606, 545 N.E.2d 130 (1989); Leon v. Max E. Miller & Son, Inc., 23 Ill.App.3d 694, 320 N.E.2d 256 (1974). As noted above, a mere breach of contract does not rise to the level of a nondischargeable debt under § 523(a)(2)(A).

Shelby Shore argues that its cause of action is based on fraud rather than on breach of contract. Shelby Shore notes that Mr. Sielschott did not tell Shelby Shore that he was embezzling from the pharmacy. Shelby Shore considers Mr. Sielschott's silence on this subject to be fraud.

Silence or concealment may constitute false pretenses. In re Fosco, 289 B.R. 78, 86 (Bankr. N.D. Ill. 2002). The failure to disclose must be about material facts and the debtor must have the duty to disclose such facts. In re Harmon, 250 F.3d 1240 (9th Cir. 2001); In re Zeller, 242 B.R. 84 (Bankr. S.D. Fla. 1999).

An employee applying for a job would have a duty to disclose a history of embezzlement. Silence about this material fact would be an important factor in an employer's decision to enter into an employer-employee contract. *See* In re Goldberg, 234 B.R. 169, 175 (Bankr. M.D. Fla. 1999). In this case, there was no evidence that

-5-

Mr. Sielschott had a history of embezzlement or an intent to embezzle when he was hired.  Moreover, the duty of an employee to disclose his ongoing embezzlement is not well-established and Shelby Shore has not cited a case in support of this specific proposition.  It would certainly be unrealistic to expect an embezzling employee to disclose such behavior and an employer cannot justifiably rely on an employee's silence to assume that he is not embezzling.  Internal accounting procedures and outside audits are designed to detect employee misconduct.

Assuming a duty to disclose, Shelby Shore has not established that Mr. Sielschott's failure to disclose his ongoing embezzlement led to or created a debt for the forfeiture of his compensation. Mr. Sielschott's embezzlement of $179,549.91 created a debt for $179,549.91 and he has repaid this amount.  There is no direct connection between Mr. Sielschott's embezzlement and the compensation paid to him.  Shelby Shore has not suggested that Mr. Sielschott failed to perform his duties as a pharmacist with the standard skill and care which is common to the pharmacy profession or that his embezzlement prevented him from dispensing prescriptions or otherwise performing his duties as a pharmacist. Mr. Sielschott performed valuable services for Shelby Shore and he deserves to be compensated for these services. <u>In re Tri-Star Technologies Co., Inc.</u>, 257 B.R. 629, 637 (Bankr. D. Mass. 2001) (forfeiture penalty is not a penalty but really reimbursement of

payment for services not properly performed).

In re Britt, 200 B.R. 409 (Bankr. M.D. Fla. 1996), a case cited by Shelby Shore, is not helpful. The debtor in Britt embezzled $19,723.02 from his employer. The court found the actual damages of $19,723.02 and treble damages of $59,169.09 to be nondischargeable pursuant to 11 U.S.C. § 523(a)(4). The court reasoned that the punitive damages flowed from the same course of conduct that necessitated the award of compensatory damages. *Id. at* 411. This case is not on point because punitive damages are not at issue in the pending Motion for Partial Summary Judgment. The only issue before the Court is the compensation paid to Mr. Sielschott during his employment with Shelby Shore, and Mr. Sielschott's compensation did not flow from the same course of conduct that led to his conviction for embezzlement.

For the foregoing reasons, the Defendant's Motion for Partial Summary Judgment is allowed. The Court finds that the Plaintiff may not recover as a nondischargeable debt pursuant to 11 U.S.C. § 523(a)(2)(A) the wages paid to the Defendant.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

###